**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1094**

CAROL FITZGERALD,

    Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 19, 2012    Decided: June 25, 2012

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Jennifer P. Levings, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carol Fitzgerald, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to reconsider and to reopen. Because Fitzgerald fails to raise any arguments that meaningfully challenge the propriety of the Board's denial of her motion in the argument section of her brief, we find that she has failed to preserve any issues for review. See Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."). Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Fitzgerald (B.I.A. Dec. 28, 2011).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We lack jurisdiction to review the Board's refusal to exercise its authority to sua sponte reopen proceedings. See Mosere v. Mukasey, 552 F.3d 397, 400-01 (4th Cir. 2009).

2